**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**CASE NO.: 1:26-cv-00588**

ZURU IP LIMITED,

Plaintiffs,

v.

REID PETROLEUM CORPORATION, REID STORES, LLC, STARMAKER II LLC, and STARMAKER USA LLC,

Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff ZURU IP LIMITED ("Plaintiff" or "ZURU"), by and through its undersigned counsel, brings this complaint against Defendants REID PETROLEUM CORPORATION, REID STORES, LLC (collectively, "Reid"), STARMAKER II LLC, and STARMAKER USA LLC (collectively, "Starmaker Distribution") who are promoting, selling, offering for sale and distributing goods bearing or using Plaintiff's copyrighted work and registered trademarks without authorization, and in support of its claims, alleges as follows:

## SUMMARY OF THE ACTION

1. ZURU brings this action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114 and 1125(a).

2. ZURU brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of the copyrighted work in violation of 17 U.S.C. § 501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, et seq.

**SUBJECT MATTER JURISDICTION**

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338.

4. This Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 17 U.S.C. § 501.

5. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

**PERSONAL JURISDICTION AND VENUE**

6. Defendants are subject to personal jurisdiction in this district because they avail themselves of the laws of the State of New York, and purposefully direct their activities toward and conduct business with consumers within the United States, the state of New York, and this district.

7. Defendants purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of New York and this district, by knowingly and intentionally distributing products for sale through multiple Crosby's convenience stores located in New York.

8. Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of New York cause Plaintiff injury in New York, and Plaintiff's claims arise out of those activities.

9. NY CPLR § 302, New York's long arm statute, permits this Court to exercise personal jurisdiction over all defendants because they transact business within the state of New York and target New York consumers.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

## THE PLAINTIFF

11. ZURU IP LIMITED is a corporation incorporated under the laws of Hong Kong SAR and a Hong Kong registered company with offices in Kowloon, Hong Kong.

12. ZURU IP LIMITED is the owner of all rights in and to the trademarks and copyright described below that are the subject of this action.

13. ZURU is a disruptive and award-winning company that designs, manufactures and markets innovative toys and consumer products. Inspired by kids and imaginative play, ZURU is one of the fastest growing toy companies in the world and is known for their agility, creativity, and new-age manufacturing techniques. ZURU distributes to all major retailers in over 120 countries and has delighted millions of families all over the world with its extensive brand portfolio and partnerships with entertainment properties, including Nickelodeon, Disney, Universal Studios and Dream Work.

14. ZURU's products are sold through Amazon.com, Walmart.com, Target.com, Costco.com, Lowes.com, and other authorized retailers.

15. Plaintiff offers for sale and sells its products within the state of New York, including this district, and throughout the United States.

16. Like many other intellectual property rights owners, Plaintiff suffers ongoing daily and sustained violations of its intellectual property rights at the hands of counterfeiters and infringers, such as Defendants herein.

17. Plaintiff is harmed, the consuming public is duped and confused, and the Defendant earns substantial profits in connection with the infringing conduct.

## PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS

### PLAINTIFF'S COPYRIGHT RIGHTS

18. Plaintiff is the owner of all rights in and to the copyrights in the 2-D artwork used on the packaging for Plaintiff's BUNCH O BALLOONS-branded products.

19. In 2015, non-party Shenzhen Yuhe Weiye Shiye LTD created the 2-D artwork shown below entitled "Bunch O Balloons Water Packaging A," (the "BoB Packaging"), under an employer for hire agreement with non-party Creative Impact Inc.






20. Creative Impact Inc. registered the BoB Packaging in the United States with the Register of Copyrights on May 7, 2019, and was assigned the registration number VA 2-149-747.

21. On August 18, 2021, Creative Impact Inc. assigned the rights to the BoB Packaging to non-party ZURU (Singapore) PTE, Ltd. by written agreement.

22. On July 1, 2025, ZURU (Singapore) PTE, Ltd. assigned the rights to the BoB Packaging to ZURU IP LIMITED by written agreement.

23. A true and accurate copy of the copyright registration certificate is shown in **Exhibit 1**.

24. At all relevant times, Plaintiff is the owner of all rights in and to the BoB Packaging at issue in this case, including the exclusive right to pursue acts of infringement and retain and recover all proceeds thereof.

25. The BoB Packaging is protected by copyright but is not otherwise confidential, proprietary, or trade secret.

**PLAINTIFF'S TRADEMARK RIGHTS**

26. ZURU has earned an international reputation for quality, reliability and value, and is credited for many breakthroughs that have occurred in the toy industry.

27. ZURU is the owner and official source of BUNCH O BALLOONS-branded products in the United States.

28. BUNCH O BALLOONS are innovative, self-tying water balloons designed to simplify and speed up the process of filling and tying balloons for parties and water fights. BUNCH O BALLOONS are sold under several federally registered trademarks including: BUNCH O BALLOONS, BUNCHO, FILL & TIE 100 WATER BALLOONS IN 60 SECONDS, and SELF-SEALING WATER BALLOONS (collectively, the "BoB Marks").

29. Plaintiff is the owner of all rights in and to the BoB Marks shown in the table below, including the exclusive right to pursue acts of infringement worldwide and retain and recover all proceeds thereof, pursuant to a written agreement dated January 1, 2025, with non-party ZURU (Singapore) PTE, Ltd. The trademark assignment was subsequently recorded with the United States Patent and Trademark Office on September 30, 2025. Attached hereto as **Composite Exhibit 2**, are true and accurate copies of the trademark registrations.

| **Mark** | **U.S. Reg. No.** | **IC** | **First Use/ First Use in Commerce** | **Registration Date** | **Exhibit** |
|---|---|---|---|---|---|
| BUNCH O BALLOONS | 4709630 | 28 | 8/30/2014 | 3/24/2015 | 2A |
| BUNCHO | 6086014 | 28 | 8/30/2014 | 6/23/2020 | 2B |
| FILL & TIE 100 WATER BALLOONS IN 60 SECONDS | 4928737 | 28 | 1/15/2015 | 3/29/2016 | 2C |
| SELF-SEALING WATER BALLOONS | 7291127 | 28 | 5/7/2015 | 1/23/2024 | 2D |

30. The BUNCH O BALLOONS, BUNCHO, and FILL & TIE 100 WATER BALLOONS IN 60 SECONDS Marks are valid and registered in International Class 28 for "water balloons" and "toys, namely, collectible toy figures in the nature of plastic character toys and plush toys; toy models; toy figures; molded plastic toy figurines in the nature of toy animal figurines; character toys, namely, fantasy character toys and plastic character toy monsters; toy vehicles; outfits for toys, namely, articles of clothing for toys; collector cases for toys, namely, cases for action figures; clothes for toys, namely, articles of clothing for toys; glasses for toys, namely, articles of clothing for toys; toy furniture; toy food, namely, modeled plastic toy figurines; toy weapons in the nature of toy guns and toy pistol; Games, namely, board games, card games, and arcade games; Playthings, namely, toy scooters and bean bag toy animals; toys comprising and including fluid fillable containers, namely, balloons; amusements and novelties,

namely, paper party favors and fake teeth; play equipment, namely, jungle gyms, and toy action figures and accessories therefor; play sets for action figures", on the Principal Register of the United States Patent and Trademark Office.

31. The SELF-SEALING WATER BALLOONS Mark is valid and registered in International Class 28 for "Water balloons; toy weapons in the nature of toy guns and toy pistols; water toys, namely, water guns and blasters; toys launchers in the nature of balloons launchers, target launchers for skeet shooting and toy slingshots; toys comprising and including fluid fillable containers, namely, balloons; slides and water slides," on the Supplemental Register of the United States Patent and Trademark Office.

32. The BUNCH O BALLOONS, BUNCHO, and FILL & TIE 100 WATER BALLOONS IN 60 SECONDS Marks are incontestable.

33. The BoB Marks are used in connection with the manufacture and distribution of Plaintiff's high-quality and unique water balloons.

34. The BoB Marks are displayed on different sides of the colorful and original packaging used for selling the products. Shown below are the BoB Marks, as they are used on the packaging for Plaintiff's products.









35. The BoB Marks have been used in interstate commerce to identify and distinguish Plaintiff's high-quality and unique water balloon products for an extended period of time.

36. The BoB Marks have been used by Plaintiff for a long time prior to Defendants' use of copies of those trademarks.

37. The BoB Marks have never been assigned or licensed to any of the Defendants.

38. The BoB Marks are a symbol of Plaintiff's quality goods, reputation and goodwill and have never been abandoned.

39. Plaintiff has carefully monitored and policed the use of the BoB Marks.

40. The BoB Marks are well known and famous (as that term is used in 15 U.S.C. § 1125(c)(1)) and have been for many years.

41. Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the BoB Marks and the water balloons bearing or using those Marks.

42. Plaintiff has extensively used, advertised, and promoted the BoB Marks in the United States in association with the sale of high-quality and unique water balloons.

43. Plaintiff has spent substantial resources promoting the BoB Marks and water balloons bearing or using the BoB Marks.

44. In recent years, sales of products bearing or using the BoB Marks have exceeded a million dollars within the United States.

45. As a result of Plaintiff's efforts, members of the consuming public readily identify merchandise bearing or sold under the BoB Marks as being high-quality and unique water balloons sponsored and approved by Plaintiff.

46. Accordingly, the BoB Marks have achieved secondary meaning as identifiers of high-quality and unique water balloons.

47. Genuine water balloons bearing or sold under the BoB Marks are widely advertised and promoted by Plaintiff, its authorized distributors, and unrelated third parties via the Internet.

48. Visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Plaintiff's overall marketing and consumer education efforts.

49. Thus, Plaintiff expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies.

50. Plaintiff's SEO strategies allow Plaintiff and its authorized retailers to fairly and legitimately educate consumers about the value associated with Plaintiff's products and the goods marked with the BoB Marks.

## DEFENDANTS

51. Reid Petroleum Corp. is a New York corporation with its principal place of business located at 100 West Genesee Street, Lockport, New York 14094.

52. Reid Stores, LLC, is a New York limited liability company with its principal place of business at 100 West Genesee Street, Lockport, New York 14094.

53. Reid Petroleum Corp. is a supplier of transportation fuels and related services to retail convenience stores and commercial businesses. Reid Stores, LLC operates a chain of retail convenience stores known as "Crosby's."

54. Starmaker II, L.L.C. is an Arizona limited liability company with its principal place of business at 3745 E Wier Avenue, Phoenix, AZ, 85040. Starmaker II, LLC can be served

by serving its registered agent, AVG Service Corporation, at 6720 N Scottsdale Rd, Suite 261, Scottsdale, AZ 85253.

55. Starmaker USA Limited is a Delaware corporation with an address at 7640 E Gelding Dr. Ste. 120, Scottsdale, AZ 85260. Starmaker USA Limited can be served by serving its registered agent, RL&F Service Corp, at 920 N King Street, Floor 2, Wilmington, DE 19801.

56. Starmaker II, L.L.C. is managed by Starmaker USA Limited. The Starmaker businesses distribute retail-ready merchandise to stores across the United States such as convenience stores, department store chains, and e-commerce brands.

## INFRINGEMENT BY DEFENDANTS

57. Defendants are promoting, advertising, distributing, selling, and/or offering for sale counterfeit goods in interstate commerce using exact copies and confusingly similar copies of the BoB Packaging and BoB Marks (the "Counterfeit Goods") in the 88 Crosby's stores located across New York and Pennsylvania as evidenced by the documents attached hereto as **Exhibit 3**.

58. Defendants have never been authorized to use the BoB Packaging and BoB Marks for any purpose.

59. On a date after the BoB Packaging and BoB Marks were created, but prior to the filing of this action, Defendants copied, displayed, manufactured, and distributed products that bear or use the BoB Packaging and BoB Marks without permission, license or consent.

60. In or about October 2024, ZURU discovered the unauthorized use of the BoB Packaging and BoB Marks at multiple Crosby's stores across New York state.

61. Defendants have been selling toy items, specifically self-sealing water balloons that copy and display ZURU's BoB Packaging and BoB Marks without authorization through Crosby's convenience stores.

62. Defendants offered for sale and sold water balloons bearing or using copyrights and trademarks that are identical or near identical to the BoB Packaging and BoB Marks in the course and scope of their business, making profits from their commercial activities.

63. Defendants committed copyright infringement of the BoB Packaging and trademark infringement of the BoB Marks as evidenced by the documents attached hereto as Exhibit 4.

64. ZURU never gave Defendants permission or authority to copy, distribute or display the BoB Packaging.

65. ZURU never gave Defendants permission or authority to use the BoB Marks.

66. Defendants have sold their infringing products in competition directly with Plaintiff's genuine products.

67. Plaintiff should not have any competition from the Defendants because Plaintiff never authorized Defendants to use Plaintiff's BoB Packaging and BoB Marks.

68. Plaintiff has no adequate remedy at law.

## COUNT I - COPYRIGHT INFRINGEMENT

69. Plaintiff incorporates the allegations of paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70. Plaintiff owns all right, title, and interest to the copyrighted work at issue in this case.

71. Defendants copied, displayed, and distributed products with the BoB Packaging and made derivatives of the BoB Packaging without Plaintiff's authorization in violation of 17 U.S.C. § 501.

72. Defendants performed the acts alleged in the course and scope of their business activities.

73. Defendants infringed Plaintiff's intellectual property rights, acting with willful blindness and/or reckless disregard.

74. Defendants' acts were willful.

75. Plaintiff has been damaged.

76. The harm caused is irreparable.

## **COUNT II - TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

77. Plaintiff incorporates the allegations of paragraphs 1 through 68 of this Complaint as if fully set forth herein.

78. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar marks to one or more of the BoB Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale and sale of the Counterfeit Goods.

79. Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of the BoB Marks.

80. Defendants are continuously infringing and inducing others to infringe the BoB Marks by using it to advertise, promote, sell, and offer to sell counterfeit and infringing goods.

81. Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

82. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff and are unjustly enriching Defendants with profits at Plaintiff's expense.

83. Defendants' above-described illegal actions constitute counterfeiting and infringement of the BoB Marks in violation of Plaintiff’s rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

84. Plaintiff has suffered and will continue to suffer irreparable injury and damages due to Defendants' above-described activities if Defendants are not preliminarily and permanently enjoined.

85. If not preliminarily and permanently enjoined, Defendants will continue to wrongfully profit from their illegal activities.

**COUNT III – FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))**

86. Plaintiff incorporates the allegations of paragraphs 1 through 68 of this Complaint as if fully set forth herein.

87. Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the BoB Marks have been widely advertised and offered for sale throughout the United States, including within this district.

88. Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the BoB Marks are virtually identical in appearance to Plaintiff's genuine goods.

89. Defendants' Counterfeit Goods are different in quality from Plaintiff's goods and are of much lower quality.

90. Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

91. Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiff's detriment.

92. Defendants have authorized infringing uses of the BoB Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.

93. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

94. Defendants are using infringements of the BoB Marks in order to unfairly compete with Plaintiff and others for space within organic search engine results and social media results, thereby jointly depriving Plaintiff of a valuable marketing and educational tool which would otherwise be available to Plaintiff and reducing the visibility of Plaintiff's genuine goods on the internet and across social media platforms.

95. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

96. Plaintiff has no adequate remedy at law and has sustained indivisible injury and damage caused by Defendants' concurrent conduct.

97. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits, and Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

98. Plaintiff incorporates the allegations of paragraphs 1 through 68 of this Complaint as if fully set forth herein.

99. Plaintiff is the owner of all common law trademark rights in and to the BoB Marks.

100. Plaintiff was the first to use the BoB Marks.

101. Plaintiff has used the BUNCH O BALLOONS and BUNCHO Marks since August 30, 2014, the FILL & TIE 100 WATER BALLOONS IN 60 SECONDS Mark since January 15, 2015, and the SELF-SEALING WATER BALLOONS Mark since May 7, 2015.

102. As a result of Plaintiff's widespread and continuous use in commerce, including its promotion and sales of products bearing or using Plaintiff's BoB Marks, the BoB Marks have become widely known.

103. Defendants, with knowledge of and with the intentional disregard of Plaintiff's common law trademark rights, utilize the BoB Marks on and/or in conjunction with the sale of their counterfeit and infringing products. Defendants' infringing activities are likely to cause and, are actually causing, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing or using one or more of the BoB Marks.

104. Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

105. Absent an entry of an injunction by this Court, Defendants will continue to damage Plaintiff and wrongfully reap profits. Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

**COUNT V – COMMON LAW UNFAIR COMPETITION**

106. Plaintiff incorporates the allegations of paragraphs 1 through 68 of this Complaint as if fully set forth herein.

107. Defendants' activities complained of herein constitute unfair methods of competition.

108. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods using or bearing counterfeits and infringements of the BoB Marks and BoB Packaging.

109. Defendants are also using counterfeits and infringements of the BoB Marks and the BoB Packaging to unfairly compete with Plaintiff and others for (1) space in search engine and social media results across an array of search terms and (2) visibility on the Internet.

110. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Website and all products sold therein by their unauthorized use of the BoB Marks and the BoB Packaging.

111. Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a. Entry of preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116, 17 U.S.C. §§ 502 and 503, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the BoB Marks; from using the BoB Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Plaintiff; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the BoB Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiff's

name or trademark and from otherwise unfairly competing with Plaintiff; from copying, displaying, distributing or creating derivative works of Plaintiff's BoB Packaging.

b. Entry of an order authorizing seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503.

c. Entry of an Order requiring Defendant to account to and pay Plaintiffs for all profits and damages resulting from Defendant's copyright infringement, or statutory damages (at Plaintiffs' election), for all infringements involved in the action, with respect to any one work, for which Defendants are liable for, in a sum of not less than $750 or more than $30,000 as the Court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the Court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

d. Entry of an Order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. § 1117, or, at Plaintiff's election with respect to Count I, that Plaintiff be awarded statutory damages in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

e. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b), and 17 U.S.C. § 505, of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action, including the cost of corrective advertising.

f. Entry of an award of pre-judgment interest on the judgment amount.

g. Entry of an Order for any further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: March 26, 2026

Respectfully submitted,

*/s/ Joel B. Rothman*

JOEL B. ROTHMAN
NY Bar Number: 2459576
Joel.rothman@sriplaw.com
JOSEPH A. DUNNE
NY Bar Number. 4831277
joseph.dunne@sriplaw.com
RACHEL I. KAMINETZKY
NY Bar Number: 6030647
rachel.kaminetzky@sriplaw.com

**SRIPLAW, P.A. – New York Office**
41 Madison Avenue, 25th Floor
New York, NY 10010
561.404.4350 – Telephone
561.404.4353 – Facsimile

**SRIPLAW, P. A. – Florida Office**
21301 Powerline Road
Suite 212
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff ZURU IP Limited*